IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-243-FL

| | |
|---|---|
| Michael E. Hooker, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 30, 34).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, issued memorandum and recommendation ("M&R") recommending that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits ("DIB") and Widower's Insurance Benefits ("WIB")[2] on August 3, 2007, alleging that he became unable to work on October 1, 2003. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

[2] Disability under WIB is determined in the same manner as DIB. See 42 U.S.C. § 402(f)(1)(B)(ii), (8).

relevant time period in a decision dated January 28, 2010. On March 17, 2011, the Appeals Council ("AC") denied plaintiff's request for review. Plaintiff filed complaint in this court on May 16, 2011, for review of the final administrative decision.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005);

Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: hypertension and mild degenerative disc disease ("DDD"). However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a full range of medium work. The ALJ determined that plaintiff could not perform his past relevant work, but that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

B.  Analysis

Plaintiff raises three objections to the M&R. Specifically, plaintiff argues that that: (1) the error in the ALJ's RFC determination was not harmless; (2) the ALJ erred in her evaluation of plaintiff's symptoms of pain; and (3) the ALJ did not properly analyze the opinions of state agency non-examining consultant Dr. Frank Virgili, M.D. Upon *de novo* review of plaintiff's objections, the court concludes, for the reasons set forth in the magistrate judge's thoughtful M&R, that plaintiff's objections should be overruled.

1.  The ALJ's RFC determination

Plaintiff's first objection is to the magistrate judge's finding that an error made by the ALJ in determining his RFC was harmless. The ALJ found at step four that plaintiff could not perform his past relevant work at a medium level because it was semi-skilled. Prior to proceeding to step four, however, the ALJ found that plaintiff could perform the full range of medium work. Plaintiff urges that where the ALJ's RFC determination is grounded in "conflicting findings" the ALJ's error was not harmless.

Absent a showing of prejudice, an error by an ALJ is harmless. Camp v. Massanari, 22 Fed. Appx. 311 (4th Cir. 2001)(citing Newton v. Apfel, 209 F.3d 448, 458 (5th Cir.2000)); Austin v. Astrue, No. 7:06-cv-00622, 2007 WL 3070601, *6 (W.D.Va. Oct. 18, 2007). Here, the ALJ's erroneous determination that plaintiff could not perform his past relevant work at a medium level was not prejudicial to plaintiff. Indeed, had the ALJ found plaintiff could perform his past relevant work at a medium level, he would have been found not disabled at step four instead of step five. Since the ALJ's ultimate conclusion remains the same absent this error, the error was harmless.

4

### 2. Plaintiff's symptoms of pain

Next, plaintiff objects to the magistrate judge's determination that the ALJ properly assessed plaintiff's credibility as to his level of pain, asserting that his back pain is "well documented by objective medical evidence." Pl.'s Exceptions to the M&R 9. "The determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must determine whether the plaintiff has a medical impairment "which could reasonably expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). If this threshold question is satisfied, then the ALJ evaluates the actual intensity and persistence of the plaintiff's pain or other symptoms, and the extent to which it affects her ability to work. Id. at 595. At this second step, the ALJ considers "not only the claimant's statements about her pain, but also 'all [of] the available evidence,' including . . . evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id. (quoting 20 C.F.R. §§ 416.929(c)(2), 404.1529(c)(2)). A plaintiff's allegations of pain and other symptoms "need not be accepted to the extent they are inconsistent with the available evidence," based on a consideration of the entire case record. Id.; see SSR 96-7p.

In this case, the ALJ considered plaintiff's subjective complaints associated with his impairments, and found first that plaintiff had medically determinable impairments which reasonably could be expected to cause some of the alleged symptoms. R. 24. However, at the second step the ALJ found that the plaintiff's statements as to the extent of his pain were not credible where no objective tests established significant DDD, plaintiff had not received treatment from an orthopedic specialist, and rarely took even over-the-counter medications. R. 23. A claimant's statements "may

5

be less credible if the level or frequency of treatment is inconsistent with the level of complaints." SSR 96-7p. A claimant may not, however, be "penalized for failing to seek treatment she cannot afford." Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986).

Plaintiff contended financial constraints prevented him from seeking medical treatment, but the ALJ noted plaintiff was able to afford cigarettes and alcohol and failed to take advantage of treatment for those having financial difficulty despite having been specifically referred to those sources. See R. 400 (plaintiff referred to a free clinic for primary care). Thus, the ALJ properly considered the substantial evidence in the record tending to show that plaintiff's subjective allegations of pain and other symptoms did not limit his ability to work to the full extent alleged. Accordingly, plaintiff's second objection is overruled.

3. Failure to properly consider the opinions of Dr. Virgili

Finally, plaintiff objects to the magistrate judge's determination that the ALJ properly analyzed the opinions of State agency physician Dr. Virgili. "Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions." SSR 96-6p. Furthermore, "the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant . . . ." 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii).

In this case, the ALJ specifically considered the finding and assessments of non-examining state agency physician Dr. Virgili and consultative examiner Dr. Fernandez. R. 23. After considering the record as a whole, the ALJ stated she gave "limited weight" to Dr. Fernandez's

6

opinion but did not explicitly state that she gave limited weight to Dr. Virgili's claims. However, she specifically discussed Dr. Virgili's report and his conclusions in her consideration of the findings of the State agency physicians. See R. 23 ("The State agency physician [Dr. Virgili] assessed the claimant as able to perform light work with no restrictions except avoidance of concentrated exposure to hazards." (citing Dr. Virgili's report)). As the magistrate judge noted, the ALJ's medium RFC finding – as opposed to Dr. Virgili's light RFC finding – clearly indicates she afforded Dr. Virgili's opinions limited weight. Thus, the ALJ fulfilled her duty to consider Dr. Virgili's opinions, and explain why she gave them limited weight.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, DENIES plaintiff's motion for judgment on the pleadings (DE # 30), GRANTS defendant's motion for judgment on the pleadings (DE # 34), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED this the 26 day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge